JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
BORIS ORLOV, Senior Trial Attorney
(California State Bar Number 223532)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-5410
Facsimile: (213) 894-2064
Email: orlov.boris@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS E. PEREZ,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>               Plaintiff,<br>      v.<br><br>Z-Best Medical Transportation, LLC, a limited liability company;<br>Lowae Mahmood, individually and as a managing agent of the limited liability company,<br>Hana Ataelsaid, individually and as a managing agent of the limited liability company,<br><br>               Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** (29 U.S.C. § 201 *et seq.*) |

1.    The Plaintiff, Thomas E. Perez, Secretary of Labor, brings this action to enjoin Defendants, Z-Best Medical Transportation, LLC, a limited liability

**COMPLAINT**                                                                                                                                               Page 1 of 7

Company, Lowae Mahmood, individually and as a managing agent of the limited liability company, and Hana Ataelsaid, individually and as a managing agent of the limited liability company (collectively, "Defendants"), from violating provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), and to recover amounts owed under the FLSA to employees of Defendants, as listed by name in the attached Exhibit A to this complaint, for the period from May 5, 2012 through May 4, 2014.

  2. This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. §217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. §1331 (federal question) and §1345 (United States as Plaintiff).

  3. (a) Defendant Z-Best Medical Transportation, LLC, a limited liability company, is and at all relevant times has been a limited liability company, and has an office and place of business at 1505 N. Alma School Road, Chandler, AZ 85224, within the jurisdiction of this Court, and has been engaged in the business as a medical transportation company.

  (c) On information and belief, Defendant Lowae Mahmood resides within the jurisdiction of this Court.

  (d) Defendant Lowae Mahmood is and at all relevant times has been acting directly or indirectly in the interest of Defendant Z-Best Medical Transportation, in relation to the employees of the firm, and is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

  (e) On information and belief, Defendant Hana Ataelsaid resides within the jurisdiction of this Court.

  (f) Defendant Hana Ataelsaid is and at all relevant times has been acting directly or indirectly in the interest of the Defendant Z-Best Medical Transportation, in relation to the employees of the firm, and is an employer under

FLSA § 3(d), 29 U.S.C. § 203(d).

4. The activities of the Defendants constitute, and at all times material hereto have constituted, related activities performed through unified operation or common control for a common business purpose; and are, and at all times material hereto have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

5. The aforesaid enterprise has, and at all times material hereto has had, employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials which have been moved in or produced for commerce. Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

6. Defendants have violated the provisions of Sections 7 and l5(a)(2) of the FLSA, 29 U.S.C. §207 and §215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

7. Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Plaintiff-Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of

Federal Regulations, Part 516.

8. (a) During the period from May 5, 2012 through May 4, 2014, Defendants violated the above-described provisions of the FLSA.

(b) As a result of the violations of the monetary provisions of the FLSA, there is unpaid overtime compensation due under the FLSA that are being withheld by the Defendants.

(c) A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. §217.

(d) A judgment enjoining and restraining the continued withholding of unpaid overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. §217.

(e) Judgment awarding unpaid overtime compensation due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of overtime compensation that accrued under the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. (i) For an order pursuant to Section 17 of the FLSA, 29 U.S.C. §217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5); and

B. For an order

(i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding the Defendants liable for any overtime compensation that may be found by the Court to be due under the FLSA plus an additional amount as and for liquidated damages, equal to any overtime compensation found to have

accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit A; or

   (ii) in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, the Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

   C. Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate.

Dated: July 14, 2015                    M. PATRICIA SMITH
                                        Solicitor of Labor

                                        JANET M. HEROLD
                                        Regional Solicitor

                                        SUSAN SELETSKY
                                        FLSA Counsel


                                         __/s/ Boris Orlov_____
                                        BORIS ORLOV, Attorney
                                        Attorneys for the Plaintiff
                                        U.S. Department of Labor

## Exhibit – A

| First Name | Last Name |
|---|---|
| Alma | Corralejo |
| Andy | Baldonado |
| Angela | Smith |
| Angelina | Mathis |
| Anna | Cruz |
| Bradley | Zeek |
| Brenda | Gaitan |
| Carlos | Lopez |
| Cecelia | Enos |
| Christina | Garcia |
| Christopher | Aroz |
| Daniel | Lalo |
| Danielle | Zepeda |
| Darin | Nacho |
| Emerson | Wilson |
| Ernesto | Mendoza Sr |
| Fa'Anoi | Vaifale Jr |
| Fusi | Vaifale |
| Gabriel | Martinez |
| Gary | Harney |
| Gena | Moyah |
| Glorietta | Antone |
| Harrison | Marrietta |
| Jerry | Alvarez |
| Joseph | Ruiz |
| Juan | Huerta |
| Judith | Lister |
| Kimberly | Harris |
| Kristal | Norris |
| Krystal | Cusick |
| Larry | Ortiz |
| Martha | Fonseca |
| Michelle | Cruz |
| Michelle | Marrietta |
| Neila | Banketewa |
| Peggy | Enos |
| Richard | Peralta |
| Robin | Manuel |

**COMPLAINT**

| | |
|---|---|
| Rosanna | Baptisto |
| Roxanne | Sustaita |
| Sagaialemalama | Taala |
| Sandra | Perkins |
| Sara | Joaquin |
| Sevina | Morris |
| Shawn | Marietta |
| Susanna | Madril |
| Tafea | Amperosa |
| Tammy | Aroz |
| Theodore | Yocum |
| Timothy | Lewis |
| Waylon | Allison |
| Yolanda | Carlisle |
| Yvette | Hendricks |
| Zelda | Allen |